By the Court.—Freedman, J.
The action was *227 "brought to recover, as damages for the breach of á contract, the amount of the purchase price of a portion of the goods not taken by the defendant, which amount was fixed by the jury. No question was made on the trial as to the right of the plaintiffs to recover such amount, if anything, and no exception was taken by defendant to the judge’s charge in that respect, nor to any other part of the charge.
On July 19, 1882, the plaintiffs, through their agent Dorflinger and the defendant, entered into an agreement of sale and purchase of a certain quantity of glassware at fixed prices, the glassware “ To be made after September 1st, and to be taken by January 1, ’83. Terms, 60 days net on dock.”
As by the terms of the contract the defendant was to take the goods from a dock not specified, and not later than the time stated, parol evidence was admissible as to the particular meaning of the words used. The evidence received for this purpose showed that in the glass business the words “to be taken ” between fixed dates, have the particular meaning that the buyer has the right of ordering the goods to be shipped, as he wishes, between the dates, and the seller must ship them as the buyer orders, and may not deliver the goods without such order of the buyer. The provision of the agreement for .manufacture after September 1st was further explained by the fact that glass factories throughout the "United States suspend operations annually on June 30th, and resume on September 1st.
This parol evidence did not vary, or tend to vary, the written contract, but explained it and made clear what, without it, would have been uncertain. Not one word was added to the terms of the contract, but the words in it were exhibited in the same light in which the parties saw them when they employed them. The evidence was therefore competent within the rules laid down in Dana v. Fiedler, 12 N. Y. *228 40 ; Walls v. Bailey, 49 Ib. 464; Collender v. Dinsmore, 55 Ib. 200.
The question whether proof of the customary meaning of a contract can be received unless the custom is specially pleaded, was not raised at the trial, and should not be entertained on appeal for the first time. The evidence which established that Borflinger was acting as plaintiffs’ agent in the making of the contract, and that plaintiffs were the principals, was properly admitted. The question whether from Nov. 13, 1882, up to January 1, 1883, the plaintiffs had and kept the goods on hand ready to deliver on receiving directions from the defendant, was fully and fairly submitted to the jury as a question'of fact, and their verdict upon this point should not be disturbed. The case as a whole discloses no ground for reversal.
The judgment and order should be affirmed, with costs.
Truax, J., concurred.